UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ESTHER A. SANDERS,               )
                                 )    No. CV-05-00372-CI
            Plaintiff,           )
                                 )    ORDER GRANTING DEFENDANT'S
v.                               )    MOTION FOR REMAND PURSUANT
                                 )    TO 42 U.S.C. § 405(g)
JO ANNE B. BARNHART,             )
Commissioner of Social           )
Security,                        )
                                 )
            Defendant.           )
                                 )

BEFORE THE COURT are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Remand the captioned matter pursuant to sentence four of 42 U.S.C. § 405(g), noted for hearing without oral argument on July 24, 2006. (Ct. Rec. 11, 15.) Attorney Kathleen Kilcullen represents Plaintiff; Special Assistant United States Attorney L. David Blume represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 3.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Remand pursuant to 42 U.S.C. § 405(g).

Defendant contends the matter should be remanded to permit the ALJ to further develop the record and resolve conflicts in the medical evidence. Plaintiff does not dispute that the ALJ erred but contends in her opening brief that remand should be for immediate payment of benefits. Plaintiff did not respond to Defendant's

ORDER GRANTING DEFENDANT'S MOTION FOR REMAND
PURSUANT TO 42 U.S.C. § 405(g) - 1

1  Motion to Remand.

2      On May 16, 2002, Plaintiff protectively filed for Social

3  Security disability benefits and Supplemental Security income

4  benefits, alleging an onset date of January 1 or 2, 2002, due to

5  fibromyalgia and pain in her neck, arms, shoulders, wrist, elbow,

6  hips and back.  (Tr. 66, 67, 79.)  Benefits were denied, as was

7  reconsideration.  Plaintiff  requested  a  hearing  before  an

8  administrative law judge (ALJ).  A hearing was held before ALJ John

9  Hood; Plaintiff was represented by her spouse.  (Tr. 402.) The ALJ

10 denied benefits and that decision was affirmed by the Appeals

11 Council.  The instant matter is before this court pursuant to 42

12 U.S.C. § 405(g).

13                    **STATEMENT OF THE CASE**

14     Plaintiff was 58 years old at the time of the hearing, and 54

15 years old at the alleged date of onset.  She had a high-school

16 education and attended a one and a half years of college.  She also

17 had vocational training in cosmetology and real estate.  (Tr. 85.)

18 She had past relevant work experience as a florist, baker, waitress,

19 title officer, typist and real estate agent.  (Tr. 80, 413-17.)  She

20 last worked in January or May 2000.  (Tr. 80, 415.)

21                    **ADMINISTRATIVE DECISION**

22     The ALJ found Plaintiff had not engaged in substantial gainful

23 activity since 1999.  Her last date of insured was June 30, 2005.

24 (Tr. 23.)  Plaintiff suffered from severe physical impairments from

25 multiple abdominal surgeries and musculoskeletal disorders related

26 to de-conditioning or generalized degenerative osteoarthritis, but

27 did not have a medically determinable mental health disorder that

28 posed any significant limitation in her ability to work.  (Tr. 19,

ORDER GRANTING DEFENDANT'S MOTION FOR REMAND
PURSUANT TO 42 U.S.C. § 405(g) - 2

23.)  The ALJ found Plaintiff's severe impairments did not meet or
equal the listings.  (Tr. 23.)  He concluded she had the residual
functional capacity for light and sedentary work with no significant
non-exertional limitations.  (Tr. 20-21.)  The ALJ determined
Plaintiff had skilled work experience as a realtor, realtor
assistant and title company clerk, with skills that would be
transferable at the light and sedentary levels.  (Tr. 24.)  He found
Plaintiff not disabled because she could perform her past relevant
work at these jobs.  (Id.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) the
court set out the standard of review:

> A district court's order upholding the Commissioner's
> denial of benefits is reviewed de novo. *Harman v. Apfel*,
> 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the
> Commissioner may be reversed only if it is not supported
> by substantial evidence or if it is based on legal error.
> *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
> Substantial evidence is defined as being more than a mere
> scintilla, but less than a preponderance. *Id.* at 1098. Put
> another way, substantial evidence is such relevant
> evidence as a reasonable mind might accept as adequate to
> support a conclusion. *Richardson v. Perales*, 402 U.S. 389,
> 401 (1971). If the evidence is susceptible to more than
> one rational interpretation, the court may not substitute
> its judgment for that of the Commissioner. *Tackett*, 180
> F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599
> (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility,
> resolving conflicts in medical testimony, and resolving
> ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
> Cir. 1995).  The ALJ's determinations of law are reviewed
> *de novo*, although deference is owed to a reasonable
> construction of the applicable statutes. *McNatt v. Apfel*,
> 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the
requirements necessary to establish disability:

ORDER GRANTING DEFENDANT'S MOTION FOR REMAND
PURSUANT TO 42 U.S.C. § 405(g) - 3

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ISSUES**

The only question is whether Plaintiff is entitled to immediate payment of benefits or whether additional administrative proceedings are necessary.  Defendant concedes the ALJ erred in evaluating the medical evidence. Plaintiff asserts the record establishes that she cannot work and immediate benefits should be paid, but concedes a remand for further proceedings is an appropriate alternative.

**ANALYSIS**

Defendant asserts the cause must be remanded to permit the ALJ to properly evaluate Plaintiff's possible fibromyalgia and mental impairments.  Defendant further asserts there is conflicting medical

ORDER GRANTING DEFENDANT'S MOTION FOR REMAND
PURSUANT TO 42 U.S.C. § 405(g) - 4

evidence, leaving issues that need to be resolved.

Case law requires an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [a medical opinion], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman*, 211 F.3d at 1178 (*citing Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  Where the record is incomplete, or the medical evidence has not been sufficiently evaluated, questions remain regarding the severity of Plaintiff's impairments and her RFC.  Remand for further proceedings is appropriate when further administrative proceedings could remedy defects, *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989), or are necessary to develop a sufficient record. *McAllister v. Sullivan,* 888 F.2d 599, 603 (9th Cir. 1989).

The ALJ found "[t]he claimant's medical records are quite complete, and more than adequately address the claimant's alleged impairment conditions, realistically and subjectively." (Tr. 19.) However, the record does not support this finding.  The records include a January 2002, physical therapy report from therapist Douglas Harris; an unsigned June 2006, RFC assessment form and one dated December 2002, by agency physician Howard Platter, M.D.; a psychiatric review technique form (PRTF) reviewed by agency psychologist Deborah Baldwin, Ph.D., in July 2002; a PRTF completed by agency psychologist Michael Brown, Ph.D., in December 2002; treatment records from Wenatchee Valley Clinic (February 1999 to January 2003); a physical therapy report from Mt. Stuart Physical Therapy, dated February 2003; and a medical questionnaire from Geoff

1   Richardson, M.D., dated February 24, 2004. After the hearing, a

2   consultative examination report by Fred Price, D.O., dated June 16,

3   2004, was submitted. (Tr. 2-3.)

4        Records from the Wenatchee Valley Clinic consist of numerous

5   reports from examining and treating physicians, including

6   neurologist Joseph Tornabene, M.D., who noted increasing chronic

7   pain complaints by Plaintiff and various possible diagnoses,

8   including myofascial pain disorder and fibromyalgia or polymyalgia

9   rheumatica. (Tr. 250.)  Rheumatologist J. Richard Newton, M.D.,

10  later diagnosed fibromyalgia. (Tr. 251, 254.)  Treating neurologist

11  Dr. Tornabene concluded Plaintiff met the historic and clinical

12  criteria for fibromyalgia. (Tr. 266, 269, 296.)  Treating physician

13  Stephen Huffman, M.D., also diagnosed fibromyalgia with acute

14  trigger points and specifically opined that Plaintiff's condition

15  would render her unable to do realtor work or computer work for any

16  extended time. (Tr. 311, 323, 327.)

17       As Defendant concedes, these medical records were not properly

18  evaluated.  Specifically, the opinions of treating and examining

19  physicians were not discussed, accepted or rejected with reasons in

20  accordance with the applicable legal standard. *See Lester v.*

21  *Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Further, where, as here,

22  a Plaintiff was not represented by counsel, the ALJ had a heightened

23  duty to develop the record.  An unrepresented claimant is entitled

24  to "scrupulous and conscientious probing" by the ALJ into all

25  relevant facts. *Vidal v. Harris*, 637 F.2d 710 (9th Cir. 1981).  This

26  includes facts and circumstances that are favorable as well as

27  unfavorable to claimant. *Cox v. Califano*, 587 F.2d 988, 991 (9th

28  Cir. 1978).  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.

ORDER GRANTING DEFENDANT'S MOTION FOR REMAND
PURSUANT TO 42 U.S.C. § 405(g) - 6

2001).

The record indicates the ALJ adopted the opinions of Dr. Burnell, the medical expert who testified at the hearing. (Tr. 20, 409.)  Dr. Burnell is a consulting physician, with no speciality in rheumatology or neurology. (Tr. 20, 60-62.)  Reliance upon a medical expert's testimony that conflicts with the unrejected opinions of treating and examining specialists is error.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester,* 81 F.3d at 830; *Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989).

It is clear from the record that numerous medical issues are unresolved.  Development of the record is required before a determination of disability may be made.[1]  Expert testimony from a rheumatologist should be taken regarding the diagnosis and severity of Plaintiff's fibromyalgia.[2]  Further, fibromyalgia is diagnosed

---

[1]  At the hearing, the ALJ indicated he would send Plaintiff to a rheumatologist for specialized testing for fibromyalgia.  (Tr. 420.)  Rheumatology is the relevant specialty for fibromyalgia, a poorly understood disease within much of the medical community. *Benecke*, 379 F.3d at n.4 (*citing Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 873 (9th Cir. 2004)).  The post-hearing report upon which the ALJ relied, however, is by Fred D. Price, Doctor of Osteopathic Medicine, speciality unknown.  It does not appear that specialized fibromyalgia testing was conducted. (Tr. 385-95.)

[2]  Dr. Burnell testified that he had "little faith in pressure points, tender points." (Tr. 409.)  However, as noted by the Eighth Circuit in *Brosnahan v. Barnhart*, 336 F.3d 671, 672 (8th Cir. 2003):

ORDER GRANTING DEFENDANT'S MOTION FOR REMAND
PURSUANT TO 42 U.S.C. § 405(g) - 7

primarily by a claimant's report of symptoms, and while the American College of Rheumatology has issued diagnostic criteria, there are no laboratory tests to confirm the diagnosis. *Benecke*, 379 F.3d at 590; *see supra, note 2.* Therefore, Plaintiff's credibility is a significant issue in this matter and should be completely assessed once additional evidence is evaluated. Clear and convincing reasons must be given to reject Plaintiff's statements. *See Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002); *Morgan*, 169 F.3d at 600 (specific reasons for credibility findings must be articulated and "grounded in the evidence"). Lay testimony must be considered and discounted with reasons germane to that witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). On remand, vocational expert testimony should be taken at step four and, if necessary, at step five. Plaintiff may raise additional issues and submit additional evidence.

**CONCLUSION**

Enhancement of the record is warranted in this matter. Remand is appropriate to remedy the defects in the original administrative proceedings. Accordingly,

---

Fibromyalgia, a chronic condition recognized by the American College of Rheumatology (ACR), is inflammation of the fibrous and connective tissue, causing long-term but variable levels of muscle and joint pain, stiffness, and fatigue. Diagnosis is usually made after eliminating other conditions, as there are no confirming diagnostic tests. According to the ACR's 1990 standards, fibromyalgia is diagnosed based on widespread pain with tenderness in at least eleven of eighteen sites known as trigger points. Treatments for fibromyalgia include cold and heat application, massage, exercise, trigger-point injections, proper rest and diet, and medications such as muscle relaxants, antidepressants, and anti-inflammatories. See Jeffrey Larson, *Fibromyalgia, in* 2 *The Gale Encyclopedia of Medicine* 1326-27 (Jacqueline L. Longe et al. eds., 2d ed. 2002).

ORDER GRANTING DEFENDANT'S MOTION FOR REMAND
PURSUANT TO 42 U.S.C. § 405(g) - 8

**IT IS ORDERED:**

1.   Defendant's Motion for Remand **(Ct. Rec. 15)** is **GRANTED;** the cause is **REMANDED** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and consistent with the decision above;

2.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 11)** is **DENIED in part;**

3.   Any application for attorney fees may be filed by separate motion.

4.   The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED.**

DATED July 31, 2006.


                        S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE